## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE BROFMAN<br>36 Cloister Road<br>Levittown, PA 19057<br><br>　　　　　Plaintiff,<br>　　v.<br><br>UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM d/b/a THE TRUSTEES<br>OF THE UNIVERSITY OF<br>PENNSYLVANIA<br>800 Spruce Street<br>Philadelphia, PA 19107<br><br>　　　　　Defendant. | :<br>:<br>:<br>:　CIVIL ACTION<br>:<br>:　DOCKET NO.:<br>:<br>:<br>:　**JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Janelle Brofman (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant University of Pennsylvania d/b/a The Trustees of the University of Pennsylvania (hereinafter referred to as "Defendant") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et. seq.*), the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance.[1]  Plaintiff asserts, *inter alia*, that her employment was unlawfully terminated by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and the PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under the ADA.  Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADA.

**JURISDICTION AND VENUE**

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a private university which operates a University Laboratory Animal Resources ("ULAR") department.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated here in their entirety as if set forth in full.

11. Plaintiff suffers from serious medical conditions including Multiple Sclerosis ("MS") and related complications which cause her pain, fatigue, impaired coordination, vertigo, weakness, bladder complications and other symptoms.

12. Plaintiff's aforementioned disability, at times, substantially limits her ability to perform daily life functions such as lifting, dressing herself, holding objects, walking, and standing.

13. On or about June 12, 2017, Defendant hired Plaintiff to work in ULAR as a Lab Animal Assistant Technician through her unlawful termination on or about February 13, 2023, as discussed herein.

14. ULAR is responsible for the procurement, care, and use of all university-owned animals used for teaching, research, and testing in accordance with state or federal regulations. Species of laboratory animals include rodents, dogs, cats, rabbits, pigs, sheep, nonhuman primates, birds, shrews, and aquatic species (although Plaintiff was only assigned to select species).

15. Plaintiff provided care, management, and oversight for the health, welfare and safety of specific animals within ULAR.

16. Upon hire, Defendant assigned Plaintiff to the Hill Pavilion (the "Hill Building") and in or about February of 2022, transferred to Defendant's Carolyn Lynch Laboratory (the "Lynch Building").

17. Defendant's Multi-Unit Research Facility Manager was Darien Davenport ("Davenport") became Plaintiff's direct supervisor for the first time when she transferred to the Lynch Building.

18. While Plaintiff has suffered from MS related complications for years, she was formally diagnosed in or about mid-2022, as her condition had worsened significantly to the point that she required reasonable accommodations.

19. For example, while at work Plaintiff performed her job well, but walked a bit slower with a very noticeable limp at times, sometimes asked for help with a task, and other times requested short and intermittent breaks.

20. As a result, Plaintiff openly discussed her need for these aforesaid reasonable accommodations with Davenport and sought intermittent leave under the FMLA as she, at times, needed to miss work infrequently (such as coming in late at times or missing a day here or there), needed breaks while working, assistance with lifting, or the ability to complete a task the following day.

21. Up until this point, Plaintiff had been an exemplary employee with no disciplinary or performance-based concerns, but now required infrequent accommodations (or use of FMLA leave) to help her treat occasional flare-ups of her MS.

22. Davenport showed clear frustration and disdain for Plaintiff's occasional lateness even though same should have been protected under the FMLA.[2]

---

[2] *See e.g. Murphy v. Brown*, 2010 WL 1292704 (N.D. Ill. 2010)(denying summary judgment on plaintiff's interference claim because the FMLA is intended to cover small increments of leave including lateness of an

4

23. Plaintiff's arms and hands would seize and/or cramp so severely that Plaintiff was unable to even get dressed some mornings and Plaintiff would inform Davenport of her need to come in late.

24. Despite explicitly telling Davenport that she needed to be late, at times, due to her aforementioned disability, Davenport would openly admonish Plaintiff, complain that Defendant was short-staffed and that he could not run the facility if she came in late, even if it was for health reasons.

25. It was not just Davenport that was intolerant of Plaintiff's health, a co-worker, Rhonda Stevens ("Stevens") was also very intolerant. Stevens was continually abusive and combative with Plaintiff because she had a negative perception of Plaintiff's health impacting her job functions.

26. On several occasions, Plaintiff complained to Davenport and shared that she felt there was open and abject hostility towards her from both him and Stevens because of their views of her health, or requests for reasonable accommodations.

27. Plaintiff even offered to transfer back to her prior location, or was willing to focus in research areas that Stevens didn't work within, just to get away from the constant abuse.

28. However, Davenport only cared about having Plaintiff for staffing needs, and did nothing to mitigate any of Plaintiff's complaints or address her requests for accommodations.

---

employee, and there was a factual question as to whether the employer counted lateness that should have been considered FMLA leave); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858 (8th Cir.2006)(affirming jury verdict that employee was terminated in retaliation for exercising FMLA rights, including using intermittent FMLA leave to arrive 15 or 30 minutes late to work); *Agbejimi v. Advocate Health and Hospitals Corp.*, WL 2589129 (N.D. Ill. 2009)(summary judgment denied because lateness is specifically covered by the FMLA and there was evidence the employer considered possibly FMLA qualifying lateness in terminating plaintiff); *Bosse v. Baltimore County*, 692 F.Supp.2d 574 (D. Md. 2010)(denying summary judgment on plaintiff's interference claim wherein a jury could conclude lateness that was FMLA qualifying may have been considered in the decision to terminate plaintiff); *Mora v. Chem-Tronics, Inc.*, 16 F.Supp.2d 1192 (S.D. Cal. 1998)(denying summary judgment wherein employer considered potentially FMLA-qualifying lateness in adverse action and explaining that an employer's policy that fails to identify lateness may be covered by the FMLA is inadequate).

29. During Plaintiff's last approximate 6 months of employment, she was subjected to tremendous hostility, nitpicked, and harassed on a continual basis.

30. For example, if Plaintiff came in late for a medical reason (which could be one (1) day per week on average), she was always and openly disciplined, admonished, and demeaned by Davenport; or if Plaintiff needed a break or help with a task, Stevens would question whether Plaintiff could even do her job and treated Plaintiff poorly as if she were too slow.

31. On or about February 13, 2023, Davenport ultimately terminated Plaintiff's employment, citing *inter alia*, Plaintiff's lateness along with other purported issues that arose *only after* her disclosure of her aforementioned disabilities and request for reasonable accommodations/FMLA leave.

## COUNT I
### Violation(s) of the Family and Medical Leave Act ("FMLA")
**(Interference & Retaliation)**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff worked for Defendant who were engaged in interstate commerce, and Plaintiff worked 1, 250 hours and more than 1 year making her eligible for FMLA leave.

47. Plaintiff's need for occasional FMLA-qualifying lateness for her serious medical condition was a direct consideration in Defendant's decision to terminate her employment.

48. Defendant's actions as aforesaid constitute interference and retaliation violations of the FMLA, and also a hostile work environment and unlawful dissuasion.

**COUNT II**
**Violation(s) of the Americans with Disabilities Act ("ADA")**
**([1] Discrimination; [2] Hostile Work Environment;**
**[3] Failure to Accommodate; and [4] Retaliation)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff suffers from qualifying disabilities, as that term is defined by the ADA, as amended, including Multiple Sclerosis and related medical conditions.

51. Plaintiff suffers from serious medical conditions including Multiple Sclerosis ("MS") and related complications which cause her pain, fatigue, impaired coordination, vertigo, weakness, bladder complications and other symptoms.

52. Plaintiff's aforementioned disability, at times, substantially limits her ability to perform daily life functions such as lifting, dressing herself, holding objects, walking, and standing.

53. Plaintiff put Defendant on notice of her need for a reasonable accommodation, in the form of time off of work/breaks to treat her aforementioned disability.

54. Defendant subjected Plaintiff' to severe and/or pervasive harassment on the basis of her actual/record or perceived disabilities.

55. Defendant failed to engage in any good faith interactive process, and instead terminated Plaintiff in direct relation to her disability status (including her actual/record or perceived disabilities) and in retaliation for pursuing reasonable medical accommodations/objecting to mistreatment based upon her disability status/need for accommodations.

56. Plaintiff avers that her actual/record or perceived disabilities were the motivating/determinative factor in Defendant's decision to terminate her.

57. Plaintiff avers that she was terminated because Defendant refused to engage in an interactive process with her and/or because they could not or would not grant her requests for reasonable accommodations.

58. Plaintiff avers that Defendant terminated her because of her complaints/opposition to unlawful employment practices and/or because she requested reasonable accommodations.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings (including but not limited to stemming from lost potential business due to a mandated leave and inability to stay in touch with clientele), salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict. Plaintiff seeks reinstatement or all available damages in the absence of reinstatement being permitted or deemed appropriate by the Court;

B. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to emotional distress damages under the ADA);

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law; and

E.  Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                                By:     _____
                                        Ari R. Karpf, Esq.
                                        8 Interplex Drive
                                        Suite 210
                                        Feasterville-Trevose, PA 19053
                                        (215) 639-0801
                                        *Attorneys for Plaintiff*

Dated: June 18, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Janelle Brofman : CIVIL ACTION
v. :
: NO.
University of Pennsylvania Health System d/b/a The Trustees of the University of Pennsylvania

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 6/18/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 36 Cloister Road, Levittown, PA 19057

Address of Defendant: 800 Spruce Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case  [ ] is / [X] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/18/2024      _____      ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/18/2024      _____      ARK2484 / 91538
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BROFMAN, JANELLE

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM D/B/A THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2611)

Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/18/2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____